United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 08, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-90621 |
| PARTY CITY HOLDCO INC., *et al.*, | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |
| | § | |
| GWENDOLYN HANLON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3273 |
| | § | |
| PARTY CITY HOLDCO, INC., *et al.*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION ON HANLON'S MOTION FOR LEAVE TO AMEND COMPLAINT.

## BACKGROUND

As alleged by Plaintiff, beginning on December 20, 2024, Party City Holdco Inc., and its related affiliates (collectively the "Defendants") laid off approximately 400 employees who reported to Defendants' Woodcliff Lake, New Jersey headquarters.[1] Defendants sent the employees a Separation Notice via email.[2] Plaintiff alleges employees did not receive any written notice prior to December 20, 2024, that they would be terminated.[3] The Defendants subsequently filed for chapter 11 bankruptcy on December 21, 2024.[4]

---

[1] Case No. 24-03273, ECF No. 1 at 1; Case No. 24-03277, ECF No. 1 at 3.
[2] Case No. 24-03273, ECF No 25-3.
[3] Case No. 24-03273, ECF No. 1 at 3; Case No. 24-03277, ECF No. 1 at 5.
[4] Case No, 24-90621, ECF No. 1.

1

Gwendolyn Hanlon ("Hanlon" or "Plaintiff") brought a Class Action Adversary Proceeding Complaint against Defendants on December 22, 2024.[5] Craig Smith ("Smith") brought a Class Action Adversary Proceeding Complaint against Defendants on December 31, 2024.[6] Plaintiff argues Defendants did not give the employees notice as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "Federal WARN Act"), and, the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J.S.A..34:21-1 et seq., as amended (the "NJ WARN Act," and collectively, the "WARN Acts").[7] Hanlon filed a Motion for Class Certification on February 14, 2025 ("Motion for Class Certification").[8] Smith filed an Amended Complaint on January 30, 2025,[9] and a Motion for Class Certification on March 20, 2025.[10] Defendants filed a Brief in Opposition to Hanlon's Motion for Class Certification ("Objection to Class Certification")[11] and Hanlon filed a Reply.[12]

Both Hanlon and Smith sought to represent the class. Hanlon is represented by Raisner Roupinian LLP ("Raisner Roupinian"). Smith is represented by Harrison, Harrison & Associates ("HHA"). The Court requested additional briefing from the parties to facilitate the Court's decision in choosing interim counsel.[13]

On April 8, 2025, the Court held a hearing on the interim counsel issue and took the matter under advisement.[14] Both Hanlon and Smith provided compelling evidence of their chosen counsel's qualifications.[15] Rule 23 of the Federal Rules of Civil Procedure, made applicable to this

---

[5] Case No. 24-03273, ECF No. 1.
[6] Case No. 24-03277, ECF No. 1.
[7] Case No. 24-03273, ECF No. 1 at 2; Case No. 24-03277, ECF No. 1 at 4.
[8] Case No. 24-03273, ECF No. 25.
[9] Case No. 24-03277, ECF No. 15.
[10] Case No. 24-03277, ECF No. 28.
[11] Case No. 24-03273, ECF No. 45.
[12] Case No. 24-03273, ECF No. 51.
[13] Case No. 24-03273, ECF No. 49; Case No. 24-03277, ECF No. 39.
[14] Case No. 24-03273, ECF No. 54; Case No. 24-03277, ECF No. 43.
[15] Case No. 24-03277, ECF Nos. 39 and 42.

proceeding by Federal Rule of Bankruptcy Procedure 7023 governs Class Actions. Under Rule 23(g), "[i]f more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Furthermore, the court may designate interim counsel before determining whether to certify the action as a class action. Fed. R. Civ. P. 23(g)(3). Based on the Rule 23(g) considerations and Raisner Roupinian's bankruptcy experience, the Court chose to appoint Raisner Roupinian as interim counsel. Subsequently, this Court entered an Order Appointing Raisner Roupinian as Interim Class Counsel.[16]

On April 29, 2025, the Court held a Status Conference to set a timeline for class certification and discuss Defendants' Motion for Summary Judgment.[17] The Court imposed a 45 day pause on the Motion for Summary Judgment and permitted Hanlon to file a motion to file an amended complaint.[18] On April 30, 2025, Hanlon filed a Motion for Leave to File First Amended Complaint ("Motion for Leave to Amend Complaint").[19] The goal of the Motion for Leave to Amend Complaint is to allow Hanlon to file an amended complaint adding allegations against four of the Defendants' officers and directors.[20] The officers and directors Hanlon includes as defendants in the amended complaint are Patrick Bartels, Robert F. Hull, Barry Litwin and Neal Goldman (collectively, the "Officers and Directors").[21] Smith filed an Objection to the Motion for Leave to Amend Complaint.[22] Hanlon filed a Reply.[23] On June 13, 2025, the Court heard argument on the Motion for Leave to Amend Complaint.[24] Response by Defendants to the Motion for Leave

---

[16] Case No. 24-03273, ECF No. 56; Case No. 24-03277, ECF No. 45.
[17] Case No. 24-03273, ECF No. 60; Case No. 24-03277, ECF No. 49.
[18] Case No. 24-03273, ECF No. 60; Case No. 24-03277, ECF No. 49.
[19] Case No. 24-03273, ECF No. 62.
[20] Case No. 24-03273, ECF No. 62.
[21] Case No. 24-03273, ECF No. 62-1.
[22] Case No. 24-03273, ECF No. 63.
[23] Case No. 24-03273, ECF No. 64.
[24] Case No. 24-03273, ECF No. 62; Case No. 24-03277, ECF No. 51.

to Amend Complaint was due June 18, 2025.[25] Defendants did not file a response.

On June 26, 2025, Hanlon filed Plaintiff Hanlon's Notice of Revised Proposed Order on Class Certification and Revised Proposed Class Notice (the "Proposed Class Certification Order and Notice" and together with Hanlon's Motion for Class Certification, the "Motion for Class Certification").[26] The Proposed Class Certification Order and Notice includes the Officers and Directors as defendants, along with Party City Holdco, Inc., et al.[27] In response, Smith filed two Objections.[28] Smith objects to "Hanlon's apparent attempt to include any non-Debtors, including but not limited to any current or former Directors or Officers, in the class certification…."[29] Hanlon filed a Reply in Support of the Proposed Class Certification Order and Notice.[30] On June 27, 2025, the Court held a hearing and announced it would issue rulings on the Motion for Class Certification and the Motion for Leave to Amend Complaint.[31] The Motion for Class Certification is addressed by the Court in in a separate Memorandum Opinion filed on July 8, 2025.

## JURISDICTION AND VENUE

28 U.S.C. § 1334 and 29 U.S.C. § 2104(a)(5) provide the Court with jurisdiction over this proceeding. 28 U.S.C. § 157(b)(1) states "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012). This is a core proceeding which

---

[25] Case No. 24-03273, ECF No. 62; Case No. 24-03277, ECF No. 51.
[26] Case No. 24-03273, ECF No. 69; Case No. 24-03277, ECF No. 55.
[27] Case No. 24-03273, ECF No. 69; Case No. 24-03277, ECF No. 55.
[28] Case No. 24-03273, ECF Nos. 73 and 76; Case No. 24-03277, ECF No. 58.
[29] Case No. 24-03273, ECF No. 76; Case No. 24-03277, ECF No. 58.
[30] Case No. 24-03273, ECF No. 77; Case No. 24-03277, ECF No. 59.
[31] Case No. 24-03273, ECF No. 74; Case No. 24-03277, ECF No. 56.

the Court can consider under 28 U.S.C. §§157(b)(2)(A), 157(b)(2)(B), and 157(b)(2)(O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015. Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days of serving the pleading. Fed. R. Civ. P. 15(a)(1)(A). In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

## DISCUSSION

Determination of "when justice so requires" under Rule 15(a)(2) is within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Furthermore, the language of Rule 15(a) reveals a bias in favor of granting leave to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In determining whether to grant leave to amend a complaint, courts examine five considerations: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016). In the absence of these five factors, leave to file amendments should be "freely given." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### I. SMITH OBJECTS TO MOTION FOR LEAVE TO AMEND COMPLAINT BASED ON THE FIRST-TO-FILE RULE.

In its Objection to the Motion for Leave to Amend Complaint, Smith argues the first-to-file rule prohibits the Court from granting the Motion for Leave to Amend Complaint.[32] The basis for the objection is

---
[32] Case No. 24-03273, ECF No. 63.

5

an action filed by Smith on February 7, 2025, in the District of New Jersey, alleging claims against eight individual directors and officers of Defendants under the NJ WARN Act (the "NJ Action"). *See Smith* et al. *v. Hull* et al., 25-cv-01099 (SDW)(JRA).[33] Two of the Officers and Directors Hanlon is seeking to add to her complaint through the Motion for Leave to Amend Complaint, Barry Litwin and Robert Hull, are defendants in the NJ Action.[34] The other two Officers and Directors are not included in the NJ Action. However, Smith alleges these two Officers and Directors have shared interests with Barry Litwin and Robert Hull.[35] For purposes of the first-to-file rule, Smith argues the NJ Action should be treated as the first-filed case and the Motion for Leave to Amend Complaint should be treated as the second-filed case.

To determine the appropriate application of the first-to-file rule, the Court reviewed the timeline of the filings by Defendants, Hanlon, and Smith in this Court and in the NJ Action. Defendants filed for chapter 11 bankruptcy in this Court on December 21, 2024.[36] Hanlon filed her complaint against Defendants on December 22, 2024,[37] and Smith filed his complaint against Defendants on December 31, 2024.[38] Smith filed the NJ Action on February 7, 2025. *See Smith* et al. *v. Hull* et al., 25-cv-01099 (SDW)(JRA).[39] While the NJ Action was the first proceeding to include Barry Litwin and Robert Hull as defendants, the NJ Action was filed after the Hanlon complaint had been filed with this Court. Additionally, Hanlon filed her complaint before Smith filed his complaint in this Court. Based on this timeline, the Court believes there is at least some question as to whether the NJ Action should be considered as the first case to file for application of the first-to-file rule.

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."

---

[33] Case No. 24-03273, ECF No. 63 at 1.
[34] Case No. 24-03273, ECF No. 63 at 2.
[35] Case No. 24-03273, ECF No. 63 at 2.
[36] Case No, 24-90621, ECF No. 1.
[37] Case No. 24-03273, ECF No. 1.
[38] Case No. 24-03277, ECF No. 1.
[39] Case No. 24-03273, ECF No. 63 at 1.

6

*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The rule is grounded in principles of comity and sound judicial administration, with the goal of avoiding waste, rulings which may interfere with the authority of sister courts, and the piecemeal resolution of issues that call for a uniform result. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The factors guiding the Court's decision are equitable in nature and allow lower courts an ample degree of discretion. *Pawlik v. Johns Law Firm*, LLC, 2022 WL 17684358, at *2 (W.D. Tex. 2022).

In applying the first-to-file rule, the role of the second-filed court is to determine if the subject matter of the two cases "substantially overlap." *Pawlik*, 2022 WL 17684358, at *2 (*quoting Cadle Co.*, 174 F.3d at 606). To invoke the first-to-file rule, complete overlap of the issues does not need to be shown. *Salazar v. Bloomin' Brands, Inc.*, 2016 WL 1028371, at *2 (S.D. Tex. 2016). Rather, a substantial overlap suffices. *Id*. Relevant factors for the second-filed court to analyze include whether the core issue of each case is the same and whether the proof adduced would likely be identical. *Pawlik*, 2022 WL 17684358, at *2.

Here, the core issue of the Motion for Leave to Amend Complaint and the NJ Action – whether the Officers and Directors violated the NJ WARN Act – is the same and the proof adduced in both cases would likely be the same. Furthermore, the facts and circumstances of the proposed amended complaint and the NJ Action both substantially overlap with the facts plead in the Hanlon complaint filed December 22, 2024. Minimally, the cases substantially overlap. According to Smith, the two cases are substantially identical.[40] However, if the Court determines the overlap between the two suits is less than complete, the Court must exercise its judgment of the overlap based on factors such as the extent of overlap, the likelihood of conflict, the comparative advantage, and the interest of each forum in resolving the dispute." *Save Power Ltd.*, 121 F.3d at 950.

Determining likelihood of substantial overlap between the two cases is the end of the inquiry for the second-filed court. The Fifth

---

[40] Case No. 24-03273, ECF No. 63 at 3.

7

Circuit usually adheres to the general rule that following a determination of substantial overlap, the first-filed court is the appropriate court to determine whether the subsequently filed case should proceed.  *Save Power Ltd.*, 121 F.3d at 951.

A party wishing to avoid transfer of the case to the first-filed court must demonstrate compelling circumstances for the second filed-court to exercise its discretion and decline application of the first-to-file rule.  *Salazar*, 2016 WL 1028371, at *2; *Gonzalez v. Unitedhealth Grp., Inc.*, 2020 U.S. Dist. LEXIS 97802, at *11 (W.D. Tex. 2020) ("Even if substantial overlap exists, courts may exercise their discretion and decline application of the first-to-file rule in light of compelling circumstances").  "As to what precisely constitutes compelling circumstances, the Fifth Circuit has so far been silent."  *Hart*, 290 F.Supp.3d at 633.  However, the Fifth Circuit has endorsed the § 1404 Volkswagen convenience factors as circumstances not to apply the first-to-file rule.  *Id*; *See Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602-03 (5th Cir. 1983).  Additionally, lower courts have found compelling circumstances when a party engaged in bad faith conduct to induce the opposing party to delay filing of a lawsuit.  *Sirius Computer Solutions, Inc. v. Sparks*, 138 F.Supp.3d 821, 827 (W.D. Tex. 2015).

## II.     THE EXISTENCE OF COMPELLING CIRCUMSTANCES.

As discussed, the Court believes there is at least some question as to whether the NJ Action should be considered as the first case to file for application of the first-to-file rule.  Furthermore, the NJ Action and the Hanlon complaint involve many, if not all, of the same circumstances and facts.  The Defendants are required to respond to the Hanlon complaint in this Court and the Hanlon case may be the first-filed case.

In its Reply, Hanlon argues compelling circumstances exist for the Court to exercise its discretion and decline application of the first-to-file rule.[41]  According to Hanlon, granting the Motion for Leave to Amend Complaint will provide class members the benefit of Raisner

---

[41] Case No. 24-03273, ECF No. 64 at 4.

Roupinian leveraging the claims against Defendants and against the Officers and Directors together toward settlement.[42] Furthermore, the NJ Action has been stayed because of the bankruptcy proceedings in this Court.[43]

At the June 24, 2025, Status Conference, the Court requested Defendants to provide the Court with information on Defendants available insurance. On June 26. 2025, Defendants filed a Statement Regarding Available Insurance.[44] Coverage for Defendants in Adversary Proceedings Nos. 24-03273 and 24-03277, and the NJ Action is limited to an Employees Practices Liability Coverage, which does not provide coverage for violation of the WARN Acts.[45]

The Officers and Directors Hanlon is seeking to include as defendants in the amended complaint are considered Insured Persons under the relevant directors and officers insurance policy.[46] Coverage for the Officers and Directors in Adversary Proceedings Nos. 24-03273 and 24-03277, and the NJ Action contains no exclusion for violation of the WARN Acts by a director or officer.[47] Coverage is subject to an aggregate limit of $10,000,000, inclusive of defense costs.[48] The insurance policy is a wasting policy and the Defendants are required to respond to Hanlon's complaint in this Court. Based on Defendants financial outlook, the insurance policy covering the Officers and Directors provides a potential opportunity for meaningful recovery for class members. Because the insurance policy is a wasting policy, it makes economic sense for all claims to be heard in one court. Therefore,

---

[42] Case No. 24-03273, ECF No. 64 at 2.
[43] Case No. 24-03273, ECF No. 64 at 5.
[44] Case No. 24-03273, ECF No. 71.
[45] Case No. 24-03273, ECF No. 71-1 at 80 (The Employment Practices Liability Coverage does not provide coverage for a loss incurred for "any obligation of an employer to notify, discuss or bargain with its employees or others in advance of any plant or facility closing, mass layoff, or any similar obligation, including the Worker Adjustment and Retraining Notification Act.").
[46] Case No. 24-03273, ECF No. 71-3 at 3 ("Insured Person includes any Executive…Each of the named defendants is a director or officer of an organization and therefore an Executive. Each of the defendants is an Insured Persons.")
[47] Case No. 24-03273, ECF No. 71-1 at 48-51.
[48] Case No. 24-03273, ECF No. 71 at 2.

if the first-to-file rule is applicable, the Court finds compelling circumstances to exercise its discretion and decline application of the rule.

### III. THE FIVE CONSIDERATIONS TO DETERMINE WHETHER TO GRANT LEAVE TO AMEND COMPLAINT.

In determining whether to grant leave to amend a complaint, the Court must examine the five considerations outlined in the Discussion section: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *SGIC Strategic Glob. Inv. Capital, Inc.*, 839 F.3d at 428. There is no undue delay here. No scheduling order has been entered by the Court. Defendants were given the opportunity to object to the Motion for Leave to Amend Complaint and chose not to. There is no bad faith or dilatory motive here. Hanlon believes there is a basis to pursue liability against the Officers and Directors.[49] This is Hanlon's first request to amend the complaint. Therefore, repeated failure to cure deficiencies by previous amendments is not applicable. There is no undue prejudice to Defendants. As previously discussed, no scheduling order has been entered by the Court, there has been no discovery, and the Court has not set a trial date.[50] As demonstrated by the relevant facts and the entry of the Order filed by this Court on July 8, 2025, there is no futility of amendment here.

### CONCLUSION

Hanlon's Motion for Leave to Amend Complaint meets the requirements necessary for a party to amend its pleading under Rule 15 of the Federal Rules of Civil Procedure.

For the reasons stated in the Memorandum Opinion filed by this Court on July 8, 2025, Raisner Roupinian is appointed Class Counsel and Hanlon is the Class Representative.

---

[49] Case No. 24-03273, ECF No. 62 at 4.
[50] Case No. 24-03273, ECF No. 62 at 5.

Granting the Motion for Leave to Amend Complaint to add the Officers and Directors as defendants is in the best interests of the class members.

Therefore, the Motion for Leave to Amend Complaint is GRANTED.

A separate Order will be entered by the Court.

SIGNED 07/08/2025

_____
Alfredo R Pérez
United States Bankruptcy Judge