United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 08, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-90621 |
| PARTY CITY HOLDCO INC., *et* | § | |
| *al.*, | § | CHAPTER 11 |
| | § | |
| Debtors. | § | |
| | § | |
| GWENDOLYN HANLON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3273 |
| | § | |
| PARTY CITY HOLDCO, INC., *et* | § | |
| *al.*, | § | |
| | | |
| Defendant. | | |

**MEMORANDUM OPINION ON HANLON'S MOTION FOR
CLASS CERTIFICATION AND NOTICE (CASE NO. 24-03273,
ECF NOS. 25, 69; CASE NO. 24-03277, ECF NOS. 27, 55).**

**BACKGROUND**

As alleged by the Plaintiff, beginning on December 20, 2024, Party City Holdco Inc., and its related affiliates (collectively the "Defendants") laid off approximately 400 employees who reported to Defendants' Woodcliff Lake, New Jersey headquarters.[1]  Defendants sent the employees a Separation Notice via email.[2]  Plaintiff alleges employees did not receive any written notice prior to December 20, 2024,

---

[1] Case No. 24-03273, ECF No. 1 at 1; Case No. 24-03277, ECF No. 1 at 3.

[2] Case No. 24-03273, ECF No 25-3.

1

that they would be terminated.[3]  The Defendants subsequently filed for chapter 11 bankruptcy on December 21, 2024.[4]

Gwendolyn Hanlon ("Hanlon" or "Plaintiff") brought a Class Action Adversary Proceeding Complaint against Defendants on December 22, 2024.[5]  Craig Smith ("Smith") brought a Class Action Adversary Proceeding Complaint against Defendants on December 31, 2024.[6]  Plaintiff argues Defendants did not give the employees notice as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "Federal WARN Act"), and, the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J.S.A..34:21-1 et seq., as amended (the "NJ WARN Act," and collectively, the "WARN Acts").[7]  Hanlon filed a Motion for Class Certification on February 14, 2025 (the "Motion for Class Certification").[8]  Smith filed an Amended Complaint on January 30, 2025,[9] and a Motion for Class Certification on March 20, 2025.[10]  Defendants filed a Brief in Opposition to Hanlon's Motion for Class Certification ("Objection to Class Certification")[11] and Hanlon filed a Reply.[12]

Both Hanlon and Smith sought to represent the class.  Hanlon is represented by Raisner Roupinian LLP ("Raisner Roupinian").  Smith is represented by Harrison, Harrison & Associates ("HHA").  The Court requested additional briefing from the parties to facilitate the Court's decision in choosing interim counsel.[13]

---

[3] Case No. 24-03273, ECF No. 1 at 3; Case No. 24-03277, ECF No. 1 at 5.

[4] Case No, 24-90621, ECF No. 1.

[5] Case No. 24-03273, ECF No. 1.

[6] Case No. 24-03277, ECF No. 1.

[7] Case No. 24-03273, ECF No. 1 at 2; Case No. 24-03277, ECF No. 1 at 4.

[8] Case No. 24-03273, ECF No. 25; Case No. 24-03277, ECF No. 27.

[9] Case No. 24-03277, ECF No. 15.

[10] Case No. 24-03277, ECF No. 28.

[11] Case No. 24-03273, ECF No. 45.

[12] Case No. 24-03273, ECF No. 51.

[13] Case No. 24-03273, ECF No. 49; Case No. 24-03277, ECF No. 39.

On April 8, 2025, the Court held a hearing on the interim counsel issue and took the matter under advisement.[14]  Both Hanlon and Smith provided compelling evidence of their chosen counsel's qualifications.[15] Rule 23 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7023 governs Class Actions.  Under Rule 23(g), "[i]f more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class."   Fed. R. Civ. P. 23(g)(2). Furthermore, the court may designate interim counsel before determining whether to certify the action as a class action.  Fed. R. Civ. P. 23(g)(3).   Based on the Rule 23(g) considerations and Raisner Roupinian's bankruptcy experience, the Court chose to appoint Raisner Roupinian as interim counsel.   Subsequently, the Court entered an Order Appointing Raisner Roupinian as Interim Class Counsel.[16]

On April 29, 2025, the Court held a Status Conference to set a timeline for class certification and discuss Defendants' Motion for Summary Judgment.[17]  The Court imposed a 45 day pause on the Motion for Summary Judgment and permitted Hanlon to file a motion to file an amended complaint.[18]  On April 30, 2025, Hanlon filed a Motion for Leave to File First Amended Complaint ("Motion for Leave to Amend Complaint").[19]  Smith filed an Objection to the Motion for Leave to Amend Complaint.[20]  Hanlon filed a Reply.[21]  On June 13, 2025, the Court heard argument on the Motion for Leave to Amend Complaint.[22] Response by Defendants to the Motion for Leave to Amend Complaint was due June 18, 2025.[23]  Defendants did not file a response.

---

[14] Case No. 24-03273, ECF No. 54; Case No. 24-03277, ECF No. 43.
[15] Case No. 24-03277, ECF Nos. 39 and 42.
[16] Case No. 24-03273, ECF No. 56; Case No. 24-03277, ECF No. 45.
[17] Case No. 24-03273, ECF No. 60; Case No. 24-03277, ECF No. 49.
[18] Case No. 24-03273, ECF No. 60; Case No. 24-03277, ECF No. 49.
[19] Case No. 24-03273, ECF No. 62.
[20] Case No. 24-03273, ECF No. 63.
[21] Case No. 24-03273, ECF No. 64.
[22] Case No. 24-03273, ECF No. 62; Case No. 24-03277, ECF No. 51.
[23] Case No. 24-03273, ECF No. 62; Case No. 24-03277, ECF No. 51.

On June 26, 2025, Hanlon filed Plaintiff Hanlon's Notice of Revised Proposed Order on Class Certification and Revised Proposed Class Notice ("Proposed Class Certification Order and Notice" and together with Hanlon's Motion for Class Certification, the "Motion for Class Certification").[24]   The Proposed Class Certification Order and Notice includes Patrick Bartels, Robert F. Hull, Barry Litwin and Neal Goldman (hereinafter, the "Officers and Directors") as defendants, along with Party City Holdco, Inc., et al.[25]   In response, Smith filed two Objections[26] based on an action filed by Smith on February 7, 2025, in the District of New Jersey, alleging claims against eight individual directors and officers of Defendants under the NJ WARN Act (the "NJ Action").   *See Smith* et al. *v. Hull* et al., 25-cv-01099 (SDW)(JRA).  Smith states,

> While our clients do not oppose class certification vis a vis the Debtors, they do object to (i) Hanlon's apparent attempt to include any non-Debtors, including but not limited to any current or former Directors or Officers, in the class certification, and (ii) to the Revised Proposed Order and Notice filed by Hanlon....[27]

Hanlon filed a Reply in Support of Proposed Class Certification Order and Notice.[28]   On June 27, 2025, the Court held a hearing and announced it would issue rulings on the Motion for Class Certification and the Motion for Leave to Amend Complaint.[29]   The Motion for Leave to Amend Complaint is addressed by the Court in a separate Memorandum Opinion filed on July 8, 2025.

## JURISDICTION AND VENUE

28 U.S.C. § 1334 and 29 U.S.C. § 2104(a)(5) provide the Court with jurisdiction over this proceeding.   28 U.S.C. § 157(b)(1) states "Bankruptcy judges may hear and determine all cases under title 11 and

---

[24] Case No. 24-03273, ECF No. 69; Case No. 24-03277, ECF No. 55.
[25] Case No. 24-03273, ECF No. 69; Case No. 24-03277, ECF No. 55.
[26] Case No. 24-03273, ECF Nos. 73 and 76; Case No. 24-03277, ECF No. 58.
[27] Case No. 24-03273, ECF No. 76; Case No. 24-03277, ECF No. 58.
[28] Case No. 24-03273, ECF No. 77; Case No. 24-03277, ECF No. 59.
[29] Case No. 24-03273, ECF No. 74; Case No. 24-03277, ECF No. 56.

all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." This proceeding has been referred to this Court under General Order 2012-6 (May 24, 2012). This is a core proceeding which the Court can consider under 28 U.S.C. §§157(b)(2)(A), 157(b)(2)(B), and 157(b)(2)(O). Under Rule 23(d)(1), this Court may issue orders determining the course of the proceedings, requiring notice to protect class members and fairly conduct the action, and dealing with procedural matters. Fed. R. Civ. P. 23(d)(1)(A), (B), and (E). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7023, which governs Class Actions. Under Rule 23(a), one or more members of a class can sue as representative parties on behalf of all members only if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If the court finds Rule 23(a) satisfied, a class action may be maintained if it is one of the types of class actions outlined in Rule 23(b). Plaintiffs argue the proposed class action meets the requirements of Rule 23(b)(3),[30] as analyzed in the Discussion section below.

Under Rule 23(c)(1), the court must, by order, determine whether to certify the action as a class action, define the class, and appoint class

---

[30] Case No. 24-03273, ECF No. 1 at 6; Case No. 24-03277, ECF No. 1 at 29-30.

counsel.  Fed. R. Civ. P. 23(c)(1)(A), (B), and (C).  A class action must also include proper notice.  Under Rule 23(c)(2)(B),

> For any class certified under Rule 23(b)(3) —or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:
>> (i) the nature of the action;
>> (ii) the definition of the class certified;
>> (iii) the class claims, issues, or defenses;
>> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>> (v) that the court will exclude from the class any member who requests exclusion;
>> (vi) the time and manner for requesting exclusion; and
>> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

Under Rule 23(g), the court must appoint class counsel. When appointing class counsel, the court

> (A) **must** consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class;
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
> (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

(D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and
(E) may make further orders in connection with the appointment.

Fed. R. Civ. P. 23(g)(1) (emphasis added).  If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.  Fed. R. Civ. P. 23(g)(2).

## DISCUSSION

In the Objection to Class Certification, Defendants argue class certification is inappropriate for three reasons: failure to provide facts necessary for the Court to conduct the Rule 23 analysis; failure to show Hanlon is an adequate representative and her claims are typical of the class; and failure to show common questions predominate over individual ones as required by Rule 23(b)(3).  The Court analyzes the Motion for Class Certification through the framework provided under Rule 23 and addresses Defendants objections in turn.

### I.    RULE 23(A) CONSIDERATIONS.

According to the Proposed Class Certification Order and Notice, the class (hereinafter, the "Proposed Class") is comprised of:

> Plaintiff Hanlon and all similarly situated former employees (i) who worked at, reported to or received assignments from Defendants' facility at 100 Tice Blvd, Woodcliff Lake, New Jersey, (ii) who were terminated without cause on or about December 20, 2024 or within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about December 20, 2024, (iii) who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) and N.J.S.A..34:21-1, et. seq., and (iv) who have not filed a timely request to opt-out of the class.[31]

Hanlon argues the Proposed Class meets the requirements of Rule 23(a).[32]

---

[31] Case No. 24-03273, ECF No. 69; Case No. 24-03277, ECF No. 55.
[32] Case No. 24-03273, ECF No. 1 at 4-8; Case No. 24-03277, ECF No. 1 at 29.

### A. Rule 23(a)(1): whether the class is so numerous that joinder of all members is impracticable.

According to the Declaration of Hanlon, there are approximately 400 individuals who were terminated on or around December 20, 2024.[33] A showing that the class consists of more than 40 members raises a presumption that joinder is impracticable. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir.1999). However, numbers alone are not determinative and courts should consider additional factors, including, (i) the interest of judicial economy, (ii) whether the class involves small individual claims, (iii) the geographical dispersion of the class, and (iv) the ease with which class members may be identified. *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir.1981). Here, Defendants are in bankruptcy, increasing the interest in judicial economy, and the class involves small individual claims. As a result, Hanlon argues the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). For the reasons explained in Section II. Rule 23(b) Considerations, Defendants' response that Hanlon does not know how many of the 400 employees work remotely or outside of New Jersey[34] is not persuasive.

### B. Rule 23(a)(2): whether there are questions of law or fact common to the class.

According to the Declaration of Hanlon, Hanlon was terminated on December 20, 2024, from Defendants' facility at 100 Tice Blvd, Woodcliff Lake, New Jersey, without cause and without notice.[35] In her declaration, Hanlon states the circumstances of the termination are the same as the other terminated employees, making the factual and legal issues of Hanlon's claim the same as the claims of the other proposed class members.[36] Therefore, Hanlon argues there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2).

---

[33] Case No. 24-03273, ECF No. 25-2.
[34] Case No. 24-03273, ECF No. 45 at 8.
[35] Case No. 24-03273, ECF No. 25-2.
[36] Case No. 24-03273, ECF No. 25-2.

**C. Rule 23(a)(3): whether the claims or defenses of the representative parties are typical of the claims or defenses of the class.**

According to the Declaration of Hanlon, she has not received, and to the best of her knowledge no other former employees of the Defendants have received, 60 days' pay under the WARN Acts or severance pay as required by New Jersey law.[37]  Hanlon's claims against Defendants are under the WARN Acts and New Jersey law, and Hanlon believes the other terminated employees are similarly situated.[38] Therefore, Hanlon argues her claims or defenses are typical of the claims or defenses of the class.  Fed. R. Civ. P. 23(a)(3).

Defendants argue Hanlon has not demonstrated the Proposed Class is similarly situated to her.[39]  According to Defendants, Hanlon stated in her deposition that Barry Litwin, who Defendants argue is included in the Proposed Class definition, would not be similarly situated to her because Barry Litwin is the CEO of the company and "privy to lots of information that me and 400 other plus employees were not privy to."[40]  Furthermore, Defendants argue Hanlon conceded she lacks knowledge of whether members of the Proposed Class spoke to their managers and received advanced notice of the terminations.[41]

However, the Court is not persuaded by Defendants' arguments. The Proposed Class definition defines who would be part of the Proposed Class: those who (1) worked at, reported to or received assignments from Defendants' facility and (2) were terminated without cause or on around December 20, 2024, as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about December 20, 2024.  It is possible Barry Litwin is similarly situated to Hanlon, and he may be entitled to WARN damages as a member of the

---

[37] Case No. 24-03273, ECF No. 25-2.
[38] Case No. 24-03273, ECF No. 25-2.
[39] Case No. 24-03273, ECF No. 45 at 13.
[40] Case No. 24-03273, ECF No. 46-2 (Tr. at 75:1-24).
[41] Case No. 24-03273, ECF No. 46-2 (Tr. at 57:19-58:21).

Proposed Class.[42]   It is also possible that Barry Litwin departed voluntarily and would not be entitled to WARN damages as a member of the Proposed Class.[43]   Regardless, this is a factual issue involving a single person that will not impair the Proposed Class.   Access to Defendants' books and records will allow Hanlon to determine who meets the definition of the Proposed Class and should be included in the Proposed Class.

Rule 23 does not include a personal knowledge requirement. Rather, Hanlon's claims or defenses must only be "typical of the claims or defenses of the class."   Fed. R. Civ. P. 23(a)(3).   Hanlon, serving as class representatives is not required to have personal knowledge of conversations members of the Proposed Class may or may not have had. Additionally, the WARN Act requires written notice, so conversations other members of the Proposed Class may have heard are irrelevant. 29 U.S.C. § 2102(a).   Access to Defendants' books and records will allow Hanlon to determine who meets the definition of the Proposed Class and should be included in the Proposed Class.

### D. Rule 23(a)(4): whether the representative parties will fairly and adequately protect the interests of the class.

According to the Declaration of Hanlon, Hanlon is "eager and willing to continue to prosecute this action on behalf of the other terminated employees."[44]   According to the Declaration of René S. Roupinian, Raisner Roupinian is a law firm solely dedicated to representing employees affected by mass layoffs and shutdowns.[45] Raisner Roupinian has adequate knowledge in the substantive and procedural legal issues present in this litigation.[46]   Therefore, Hanlon and Raisner Roupinian will fairly and adequately protect the interests of the class.   Fed. R. Civ. P. 23(a)(4).

---

[42] Case No. 24-03273, ECF No. 51 at 9.
[43] Case No. 24-03273, ECF No. 51 at 10.
[44] Case No. 24-03273, ECF No. 25-2.
[45] Case No. 24-03273, ECF No. 25-3 at 7.
[46] Case No. 24-03273, ECF No. 25-3 at 7.

## II.   RULE 23(B) CONSIDERATIONS.

Under Rule 23(b), a class action may be maintained if Rule 23(a) is satisfied and if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  Hanlon argues the proposed class meets the requirements of Rule 23(b)(3).[47]  According to the Declaration of Hanlon, "because circumstances of my termination are the same as those of the other terminated employees, the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same."[48]  Furthermore, "[t]he modest size of my claim, my financial situation, and the cost of attorneys' fees leave me unable to pursue this claim as a sole litigant.  I believe the other terminated employees are similarly situated and unable to feasibly pursue their rights individually under the WARN Acts."[49]  Hanlon's declaration weighs against a class members' interest in individually controlling the prosecution.  Additionally, Defendants are in bankruptcy in this jurisdiction, increasing the desirability of concentrating the litigation of the claims in this Court.[50]

---

[47] Case No. 24-03273, ECF No. 1 at 6; Case No. 24-03277, ECF No. 1 at 29-30.
[48] Case No, 24-03273, ECF No. 25-2 at 4.
[49] Case No, 24-03273, ECF No. 25-2 at 5.
[50] Case No. 24-90621.

Defendants argue Hanlon has not demonstrated why common questions predominate over individualized ones.[51]   Specifically, Defendants argue determination of whether the WARN Act applies to a remote employee requires fact specific, individualized inquiries. According to 20 C.F.R. 639.3(i)(6),

> For workers whose primary duties require travel from point to point, who are outstationed, or whose primary duties involve work outside any of the employer's regular employment sites (e.g., railroad workers, bus drivers, salespersons), the single site of employment to which they are assigned as their home base, from which their work is assigned, or to which they report will be the single site in which they are covered for WARN purposes.

20 C.F.R. 639.3(i)(6).   Remote employees are "undoubtedly" covered in the text of the regulation.  *Hoover v. Drivetrain LLC*, 2022 WL 3581103, at *4 (Bankr. D. Del. Aug. 19, 2022).   In the Separation Notice sent to employees whose position was terminated on December 20, 2024, Defendants stated they "made the difficult decision to conduct a mass layoff at its Woodcliff Lake, New Jersey headquarters…."[52]   Therefore, the employees who were terminated because of the Separation Notice on December 20, 2024, were terminated because of a mass layoff at the Woodcliff Lake, New Jersey headquarters.   Under 20 C.F.R. 639.3(i)(6), the single site in which the terminated employees would be covered for WARN purposes is the Woodcliff Lake, New Jersey headquarters. Defendants have not demonstrated why individual, fact specific inquiries are needed to determine whether the WARN Act applies to remote employees.

### III.   RULE 23(G) CONSIDERATIONS.

Both Hanlon and Smith provided compelling evidence of their chosen counsel's qualifications.[53]  The Court discussed and analyzed the Rule 23(g) considerations in the Order Appointing Raisner Roupinian as

---

[51] Case No. 24-03273, ECF No. 45 at 17.
[52] Case No. 24-03273, ECF No. 29-1.
[53] Case No. 24-03277, ECF Nos. 39 and 42.

Interim Class Counsel.[54]  The relevant facts taken into consideration by the Court when it appointed interim counsel are the same as the facts the court must consider when appointing class counsel.  Therefore, for the reasons stated in the Order Appointing Raisner Roupinian as Interim Class Counsel,[55] Raisner Roupinian satisfies Rule 23(g) and should be appointed class counsel.

### IV.    RULE 23(C) CONSIDERATIONS.

As outlined in the Legal Standard, the court must direct to class members the best notice that is practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B).  Hanlon has submitted a Proposed Notice of Class Action[56] in connection with the Proposed Class Certification Order and Notice.[57]  According to the Proposed Class Certification Order and Notice, Hanlon will provide notice of the class action by First Class postage prepaid to class members comprised determined from the list of names and last-known addresses contained in the Defendants' records.[58]

The Proposed Notice of Class Action meets the notice requirements outlined in Rule 23(c)(2)(B).  Fed. R. Civ. P. 23(c)(2)(B). The Proposed Notice of Class Action includes an explanation of the nature of the action as outlined in the Subject paragraph, the definition of the class certified in the Class Definition paragraph, and an explanation of the class claims, issues, or defenses, in the Class Claim paragraphs.[59]  The Proposed Notice of Class Action states class members may appear through their own counsel, the time and manner for requesting exclusion and how the Court will treat members who request exclusion, and the binding effect of a class judgment on class members who are not excluded.[60]

---

[54] Case No. 24-03273, ECF No. 56; Case No. 24-03277, ECF No. 45.

[55] Case No. 24-03273, ECF No. 56; Case No. 24-03277, ECF No. 45.

[56] Case No. 24-03273, ECF No. 69-3; Case No. 24-03277, ECF No. 55-3.

[57] Case No. 24-03273, ECF No. 69; Case No. 24-03277, ECF No. 55.

[58] Case No. 24-03273, ECF No. 69-1 at 2-3; Case No. 24-03277, ECF No. 55-1 at 2-3.

[59] Case No. 24-03273, ECF No. 69-3 at 1-2; Case No. 24-03277, ECF No. 55-3 at 1-2.

[60] Case No. 24-03273, ECF No. 69-3 at 2-3; Case No. 24-03277, ECF No. 55-3 at 2-3.

According to the Proposed Notice of Class Action, individuals who wish to be a member of the class do not need to do anything.[61] Individuals who do not wish to participate in the action and wish to be excluded must sign and mail by First Class Mail the form attached to the Proposed Notice of Class Action (the "Opt-Out").[62]  The deadline to Opt-Out is 21 days from the date notice is mailed to class members.[63]

Smith objects to the Opt-Out if the opportunity to Opt-Out occurs before Hanlon has the authority to negotiate for absent class members against non-debtors.[64]  Pursuant to the Order entered by this Court on July 8, 2025, the Court has granted Hanlon's Motion for Leave to Amend Complaint, providing Hanlon the authority to amend the complaint to include certain non-debtor Officers and Directors.  Therefore, absent class members opportunity to Opt-Out will occur *after, not before*, Hanlon has the authority to negotiate for absent class members against the non-debtor Officers and Directors.  Furthermore, the Proposed Notice of Class Action provides plaintiffs in the Smith case, represented by HHA, the opportunity to Opt-Out of the class action.  As previously explained, the Opt-Out is in accordance with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

Smith also objects to the Opt-Out based on the potential treatment of administrative and priority claims under Defendants' Chapter 11 Plan.  The Chapter 11 Plan Defendants have proposed in the underlying bankruptcy case proposes to override payment in full of allowed administrative and priority claims, which includes the absent class members.  Without the impacted creditor's consent, the Court cannot approve a structured dismissal that provides for distributions that do not follow the priority rules of the Bankruptcy Code. *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017).  Therefore, Defendants Chapter 11 Plan is only permissible with the knowing consent of the affected administrative expense or priority creditors.  *Id.*  Here, class

---

[61] Case No. 24-03273, ECF No. 69-3 at 2; Case No. 24-03277, ECF No. 55-3 at 2.

[62] Case No. 24-03273, ECF No. 69-3 at 3; Case No. 24-03277, ECF No. 55-3 at 3.

[63] Case No. 24-03273, ECF No. 69-1 at 2; Case No. 24-03277, ECF No. 55-1 at 2.

[64] Case No. 24-03273, ECF No. 76 at 3; Case No. 24-03277, ECF No. 58 at 3.

members who do not consent to participation in the class can Opt-Out. Plaintiffs in the Smith case, represented by HHA, can Opt-Out of the class action before any judgment or court-approved settlement. Class members will also be afforded an opportunity to object to the settlement if they do not consent to the proposed treatment of the administrative or priority claims.[65] Finally, class members may appear by their own counsel.[66]

Under Rule 23(c)(1), the court must, by order, determine whether to certify the action as a class action, define the class, and appoint class counsel. Fed. R. Civ. P. 23(c)(1)(A) and (B). Entry of the Order filed by this Court on July 8, 2025, satisfies the requirements imposed on the Court.

## V.   DISMISSAL OF THE CLASS ALLEGATIONS.

Smith objects to language in the Proposed Class Certification Order and Notice[67] dismissing the Smith case and ordering all claims under the WARN Acts proceed in the Hanlon case.[68] According to Smith, individual proofs of claim have been filed by sixty-two plaintiffs in the Smith case, and these plaintiffs have the absolute right to opt-out of the proposed class action and have their timely filed claims resolved independently.[69] The Court agrees with Smith. Therefore, entry of the Order filed by this Court on July 8, 2025, dismisses only the class allegations filed in the Smith case. The class allegations proceed in the Hanlon class adversary proceeding. The individual proofs of claim filed by plaintiffs in the Smith case are not dismissed. The individual proofs of claim remain outstanding, unprejudiced procedurally or

---

[65] Case No. 24-03273, ECF No. 69-3 at 2-3; Case No. 24-03277, ECF No. 55-3 at 2-3.

[66] Case No. 24-03273, ECF No. 69-3 at 3; Case No. 24-03277, ECF No. 55-3 at 3.

[67] Case No. 24-03273, ECF Nos. 69-1 at 3; Case No. 24-03277, ECF No. 55-1 at 3 ("[T]he action captioned *Craig Smith, et al. v. Party City Holdco, Inc., et al.* (Adv. Proc. No. 24-03277 (ARP)) be dismissed and all WARN claims against Defendants shall proceed in the *Hanlon* class adversary proceeding (Adv. Proc. No. 24-03273 (ARP))").

[68] Case No. 24-03273, ECF No. 76 at 4; Case No. 24-03277, ECF No. 58 at 4.

[69] Case No. 24-03273, ECF No. 76 at 4; Case No. 24-03277, ECF No. 58 at 4.

substantively, and do not require an underlying adversary procedure to advance their merits or receive their recoveries if and to the extent allowed.

## CONCLUSION

Hanlon's Motion for Class Consideration and the Proposed Class contained in the Proposed Class Certification Order and Notice meet the requirements necessary under Rule 23 of the Federal Rules of Civil Procedure for a member of a class to bring a class action on behalf of all class members.  The proposed notice outlined by Hanlon in the Proposed Class Certification Order and Notice meets the notice requirements necessary under Rule 23 of the Federal Rules of Civil Procedure.

However, the proposed language dismissing the Smith case is too broad.  Only the class allegations filed in the Smith case should be dismissed. The individual proofs of claim filed in the Smith case remain outstanding.

For these reasons, Hanlon's Motion for Class Certification and Notice is GRANTED as set forth herein.

A separate order certifying the class, finding proposed notice to be the best practicable under the circumstances, and dismissing the Smith class allegations will be entered by the Court.

SIGNED 07/08/2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

16